IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EVERETTE DAVIS, JR., EVERETTE
DAVIS, SR., and KARLA DAVIS,

       Plaintiff,

v.

FAMILY DOLLAR STORES OF
GEORGIA, LLC,

       Defendant.

Civil Action
File No.:      4:16-cv-00338-WTM-GRS

## DEFENDANT FAMILY DOLLAR STORES OF GEORGIA, LLC DEFENSES AND ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW Defendant Family Dollar Stores of Georgia, LLC, and files its Defenses and Answer to Plaintiffs' First Amended Complaint, showing the following:

### FIRST DEFENSE

The Complaint fails to set forth a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

For a Second Defense, the Defendant answers the numbered paragraphs of the Complaint as follows:

### I.  PARTIES, JURISDICTION AND VENUE

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint and, therefore, cannot admit or deny same.

2.

Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.

Defendant denies, as pled, the allegations contained in Paragraph 3 of the Complaint.

4.

Defendant admits the allegations contained in Paragraph 4 of the Complaint.

II.   FACTS

5.

Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.

Defendant is unable to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant denies it had a duty to post any signs and it denies it had knowledge of any hazard existing on its premises.  By way of further response, Defendant admits it did not post any sign because Defendant lacked knowledge of any alleged hazard.

8.

Defendant is unable to admit or deny the allegations contained in Paragraph 8 of the Complaint.

### III.  CLAIMS

### COUNT ONE-PREMISES LIABILITY

9.

Defendant incorporates by reference its responses to Paragraphs 1 through 8 of the Complaint.

10.

Defendant admits it owed certain duties to its customers but it denies it breached any duty owed to Plaintiff.

11.

Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of the Complaint.

### COUNT TWO-NEGLIGENCE

13.

Defendant incorporates by reference its responses to Paragraphs 1 through 12 of the Complaint.

14.

Defendant admits it owed certain duties to its customers but it denies it breached those duties.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of the Complaint.

IV.   DAMAGES

19.

Defendant incorporates by reference its responses to Paragraphs 1 through 18 of the Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

Any allegation of the Complaint not admitted, denied or otherwise responded to above is hereby denied.  Defendant prays each and every prayer for relief contained in the Ad Damnum clause be DENIED.

THIRD DEFENSE

Defendant is not liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

FOURTH DEFENSE

Defendant shows that the alleged damages of Plaintiff, if any, were caused by the contributory and comparative negligence of Plaintiff.

FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant.

## SIXTH DEFENSE

Defendant is not liable to Plaintiff because the negligence of Plaintiff equaled or preponderated over any acts or omissions of Defendant in producing or in bringing about the occurrence complained of, but Defendant denies that any act of Defendant produced, brought about, caused, or contributed to in any manner whatsoever the occurrence complained of in the Complaint.

## SEVENTH DEFENSE

The claims of Plaintiff are barred by the Georgia doctrine of assumption of risk.

## EIGHTH DEFENSE

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third party tortfeasor and/or the acts and failure to act of persons or entities other than Defendant.

## NINTH DEFENSE

The Plaintiff's failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's rights to recover and/or recoup any items of special damages in this action, as a matter of law.  O.C.G.A. § 9-11-9(g).

## TENTH DEFENSE

In the event that any benefits have been paid by or on behalf of Defendant, Defendant is entitled to a set off against any verdict for the amount of benefits paid.  See, *Orndorff v. Brown*, 197 Ga. App. 591 (1990).

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against the Plaintiff.

This 19th day of May, 2017.

                       Goodman McGuffey LLP
                       Attorneys for Family Dollar Stores of Georgia, LLC

By:    /S/JAMES T. HANKINS. III
        JAMES T. HANKINS, III
        GA State Bar No.  188771
        jhankins@gmlj.com
        3340 Peachtree Road NE, Suite 2100
        Atlanta, GA 30326-1084
        (404) 264-1500 Phone
        (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EVERETTE DAVIS, JR., EVERETTE
DAVIS, SR., and KARLA DAVIS,

       Plaintiff,

v.

FAMILY DOLLAR STORES OF
GEORGIA, LLC,

       Defendant.

Civil Action
File No.:      4:16-cv-00338-WTM-GRS

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed *DEFENDANT FAMILY DOLLAR STORES OF GEORGIA, LLC DEFENSES AND ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT* with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Chauncey N. Barnwell, Esq.
Brown Barnwell, P.C.
P.O. Box 10567
Savannah, GA 31412
attorney@brownbarnwell.com

This 19th day of May, 2017.

/S/JAMES T. HANKINS, III
JAMES T. HANKINS, III
GA State Bar No.  188771
jhankins@gmlj.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

8855-0027/Doc ID #4374867